### MILLER, Exr v OGLESBEE et

Ohio Appeals, 2nd Dist, Greene Co
No. 346.  Decided May 26, 1931

Miller & Finney, Xenia, for Miller.
Marshall & Marshall, Xenia, for certain defendants.
C. L. Darlington, Xenia, and Shawan & Brown, for Oglesbee.

HORNBECK, J.

We are of opinion that the above decision is at least in part controlling, and that in view of more recent pronouncements of the Supreme Court of Ohio, the instant case is not appealable.

The principal relief sought is the forfeiture of the life estate of George D. Oglesbee for waste according to the terms, of the will in question as interpreted by the plaintiff.  The construction of the will is incidental and not the substantive form of the action.

If the action is predicated solely upon the statute, which we do not hold, then clearly it is legal in character.  It would seem that in theory it is based upon the statute in so far as the right to proceed is concerned and the elements claimed to constitute waste are set forth in the will.

Whether or not the action is strictly statutory it does not take on such other characteristics of a chancery proceeding as to make it appealable.

As we interpret the latter decisions of **Clark et al v Clark, 110 Oh St 644,** and **Gearhart et al v Richardson, 109 Oh St 418.** the Supreme Court has at least said that unless the question presented in an action to construe a will, when brought directly for that purpose, relates to a trust provided by the instrument, it is not a chancery proceeding; that where the matter for construction relates purely to legal estates, though created by will, it is an action at law.  Counsel in the Clark case, supra, argued to the court that it was necessary in determining the action before the court to construe the will of James H. Clark, deceased, and that in one aspect of the handling of the proceeds of the sale under con-

sideration it would be. necessary to have a trustee, and the court in that connection uses language which indicates that it possibly had in mind to restrict chancery proceedings relating to will construction cases to those which involve charitable trusts only. However that may be, we are satisfied that this case does not present subject matter for determination under the will of Martha Siever Oglesbee as to bring it within the classification of a chancery proceeding.

Our attention has been directed in the brief of counsel for defendant, George D. Oglesbee,, to a number of cases, and particularly **Jenks et al v Langdon et al, 21 Oh St, 362,** which hold that the action which was to enjoin waste, for an accounting for waste committed, and also to recover possession, on the ground that the life estate of the tenant had been forfeited by the waste, was equivalent to the old bill in chancery to stay waste and therefore appealable. There are several facts to observe concerning this case. It was decided in 1871. The section of the statute §8593 **GC** was not in existence in any form until 1877,—74 Ohio Law 109, and was not enacted in its present form until 1887,—84 Ohio Law 134. So that the action there under consideration could not have been based upon any statutory authority. The court, at page 369, comments upon this fact,—

"I am not aware that by the law of Ohio a life estate, other than dower, is forfeited by the commission of waste thereon by the tenant for life. In the absence of statutory provision, contract, or devise, I am not aware that such is now the law in any of the states."

But the controlling factor in Jenks v Langdon, supra, was that the action upon which judgment was entered, and upon which appeal was prosecuted, related not to that portion of the petition which sought to recover possession on the theory that the waste pleaded forfeited the life estate, but to so much of the cause of action as sought an injunction to stay waste and for an accounting for the waste committed. The court also comments on this fact at page 369,—

"In the action to recover the land there was no judgment to appeal from. The case stood at the time judgment was taken, as if that branch of it had been stricken from the petition, or discontinued."

It is obvious that the Jenks case presented a different situation from the instant suit and is not authority to support the

conclusion that this case is appealable.

The motion to dismiss the appeal will be sustained.

Under the case of **The Union Trust Company v Lessovitz et al, 122 Oh St 406,** if counsel desire to prosecute error from our judgment on the motion to dismiss the appeal it will be necessary for us to withhold any decision upon the error case in the instant suit until action by the Supreme Court. If error proceedings are to be waived counsel may present the error case when briefs are filed.

ALLREAD, PJ, and KUNKLE, J, concur.